UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DE'SHAY JARNAIZE HACKNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-00377-JPH-MJD ) |
| STEPHEN C. JOHNS, LEXISNEXIS DIRECTOR OF OPERATIONS, IDOC COMMISSIONER, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff De'Shay Hackner is a prisoner at Wabash Valley Correctional Facility. He filed this civil action alleging that another inmate defamed him by filing a lawsuit with false accusations. Because Mr. Hackner is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Hackner names three defendants: (1) fellow inmate Stephen C. Johns, (2) Lexis Nexis Director of Operations, and (3) IDOC Commissioner.

Mr. Hackner alleges that, in February 2021 while he was housed at Miami Correctional Facility, Inmate Johns falsely accused Mr. Hackner of sexually assaulting him, despite the two inmates never having met or interacted with one another. Mr. Hackner subsequently learned that Inmate Johns made this false accusation by filing a civil lawsuit in an effort to accelerate his transfer to a lower-level-security prison. Mr. Hackner alleges that Inmate Johns defamed him.

The lawsuit appears on Lexis Nexis. Thus, Mr. Hackner wants to hold Lexis Nexis liable for defaming him, too.

Inmate Johns was eventually transferred to a different facility. Mr. Hackner has named the IDOC Commissioner as a defendant because he wrote letters to the Commissioner in February 2021 complaining that although Mr. Hackner had been cleared of the sexual assault accusation by Miami Correctional staff, the Commissioner still allowed the lawsuit to be filed. Further,

Mr. Hackner believes the Commissioner treated Inmate Johns better than Mr. Hackner because Mr. Hackner is black, while Inmate Johns is white.

Mr. Hackner is suing for monetary damages and injunctive relief in the form of the lawsuit being removed from Lexis Nexis and the Commissioner being removed from his post.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, any claim against the IDOC Commissioner would be **dismissed** as being barred by the statute of limitations. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. "Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin v. Raemisch*, 788 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)). Here, Mr. Hackner states that these events occurred in February 2021 and that he wrote to the IDOC Commissioner at that time to complain about the lawsuit. He did not file this lawsuit until August 2025, long after the statute of limitations had expired.

Further, Mr. Hackner has failed to state a constitutional claim against the IDOC Commissioner. Any plaintiff alleging an equal protection claim must raise a reasonable inference that he was intentionally treated differently from similarly situated inmates. *See 145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 771 (7th Cir. 2021) ("class of one" claims); *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (class-based discrimination claims). Mr. Hackner has not sufficiently alleged a Fourteenth Amendment equal protection claim. He states that he was treated differently based on his race because Inmate Johns was transferred due to the filing of the lawsuit. But he does not allege that he wanted to be transferred and was denied that ability. Thus, there is no indication that he was discriminated against based on his race or for any other reason, and any equal protection claim is **dismissed**.

Further, Mr. Hackner alleges that the Commissioner violated his constitutional rights by "allowing" Inmate Johns to file a lawsuit. This claim is **dismissed** for failure to state a claim. "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). The Commissioner has no ability to prevent an inmate, or any other individual, from filing a lawsuit. Rather, the Court is open for anyone to file a lawsuit, whether it is meritorious or frivolous.

Because the Court has dismissed Mr. Hackner's federal constitutional claims, it declines to exercise supplemental jurisdiction over his state-law defamation claims. *See* 42 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio,*

*Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (emphasis added) ("Indeed, when the federal claims are dismissed before trial, *there is a presumption* that the court will relinquish jurisdiction over any remaining state law claims."). These claims are **dismissed without prejudice**.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

Further, because the Court has not identified a viable claim, Mr. Hackner's motion for preliminary injunction, dkt. [8], is **denied without prejudice**. Until a defendant has been served and appeared in this action, the request for preliminary injunction is premature. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any enforcement action, may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court.") (internal quotation omitted).

### IV. Opportunity to Show Cause

Mr. Hackner's complaint must be dismissed for each of the reasons set forth above. He has **through February 27, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's

5

case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 2/9/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DE'SHAY JARNAIZE HACKNER
200955
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838