UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DE'SHAY JARNAIZE HACKNER,          )
                                   )
              Plaintiff,           )
                                   )
       v.                          )    No. 2:25-cv-00377-JPH-MJD
                                   )
STEPHEN C. JOHNS,                  )
LEXISNEXIS DIRECTOR OF             )
OPERATIONS,                        )
IDOC COMMISSIONER,                 )
                                   )
              Defendants.          )

## ORDER DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT

Plaintiff De'Shay Hackner is a prisoner at Wabash Valley Correctional Facility. He filed this civil action alleging that another inmate defamed him by filing a lawsuit with false accusations and that the IDOC Commissioner violated his rights under the Constitution by allowing the inmate to defame him. On February 9, 2026, the Court screened and dismissed Mr. Hackner's complaint on the basis that any constitutional claims would be barred by the two-year statute of limitations, and, regardless, Mr. Hackner had failed to state a claim against the IDOC Commissioner. Dkt. 9. The Court dismissed Mr. Hackner's state-law claims without prejudice. *Id.* at 4.

The Court ordered Mr. Hackner to show cause why final judgment should not enter. *Id.* at 5. Mr. Hackner responded by filing an amended complaint, which is now subject to screening. 28 U.S.C. § 1915A(a), (c).

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Hackner names the following defendants: (1) inmate Stephen Johns, (2) Officer Harbaugh, (3) PREA Coordinator Jane Doe, (4) Miami Correctional Facility Warden Hyatte, and (5) Director of Operation, Lexis Nexis.

The facts in the amended complaint are based on the same events that occurred in the original complaint. Mr. Hackner alleges that Inmate Johns falsely accused Mr. Hackner of sexually assaulting him on March 21, 2020, while they were housed at Miami Correctional Facility. Inmate Johns told Officer Harbaugh

2

about the incident, but Officer Harbaugh did not report the incident to the PREA investigator for it to be thoroughly investigated. PREA Investigator Doe and Warden Hyatte failed to conduct an adequate investigation into the alleged assault. Mr. Hackner believes the incident was not thoroughly investigated because he is an African American inmate with ties to a security threat group ("STG"), and Inmate Johns is white and identifies as gay, so investigators unfairly assumed that Mr. Hackner was obviously an aggressor. As a result of the shoddy investigation, Mr. Johns was able to file a lawsuit about the false allegations in which he identifies Mr. Hackner, and that lawsuit appears on Lexis Nexis. Mr. Hackner has experienced stress and embarrassment due to the false accusation.

### III. Dismissal of Complaint

Mr. Hackner seeks to sue the defendants for violations of his right to equal protection under the Fourteenth Amendment and for state law torts including defamation and intentional infliction of emotionally distress. But, similar to his first complaint, any constitutional claim would be barred by the statute of limitations.

Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. "Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin*

3

*v. Raemisch*, 788 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)).

Mr. Hackner's original complaint alleges that the relevant events unfolded in February 2021. In his amended complaint, he alleges that the events occurred in March 2020. Mr. Hackner does not explain the discrepancy. Nor does he acknowledge that the Court dismissed his federal claims as being barred by the statute of limitations. Thus, he does not argue that he is entitled to tolling of the statute of limitations, and no basis for tolling is evident to the Court. Accordingly, this claim is **dismissed** for failure to state a claim upon which relief can be granted. *Cannon v. Newport*, 850 F.3d 303, 307-08 (7th Cir. 2017).

Also, Mr. Hackner has failed to state a viable Fourteenth Amendment claim against Officer Harbaugh, Jane Doe, or Warden Hyatte. To state an equal protection claim, Mr. Hackner must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Here, Mr. Hackner does not allege that he was treated differently from a similarly situated member of an unprotected class. Although he is Black and Inmate Johns is white, he is not in the same position as Inmate Johns. That is, Mr. Hackner does not allege that he was the victim of a sexual assault and that his claim was not treated seriously. Nor does he allege that other white inmates who are accused of sexual assault have had their rights taken more seriously to

4

avoid the harm of a false accusation. Accordingly, any equal protection claim is **dismissed** for failure to state a claim upon which relief can be granted.

Any claim that Jane Doe failed to conduct a proper investigation when Inmate Johns filed a PREA complaint is **dismissed** for failure to state a claim upon which relief can be granted. "[T]hough PREA is a federal law, it does not create a private cause of action." *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023), *cert. denied*. There also is no "freestanding constitutional right to [a PREA] investigation under § 1983." *Bracy v. Tully*, No. 1:22-CV-827, 2022 WL 3229325, at *3–4 (E.D. Va. Aug. 10, 2022) (collecting cases).

Accordingly, Mr. Hackner's constitutional claims are **dismissed for failure to state a claim** upon which relief can be granted. Because the Court has dismissed Mr. Hackner's federal constitutional claims, it declines to exercise supplemental jurisdiction over his state-law defamation claims. *See* 42 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . . "); *Ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (emphasis added) ("Indeed, when the federal claims are dismissed before trial, *there is a presumption* that the court will relinquish jurisdiction over any remaining state law claims."). These claims are **dismissed without prejudice**.

## IV. Conclusion

The Court previously provided Mr. Hackner an opportunity to show cause. It is unnecessary to give him another chance to file an amended complaint, as any federal claim is clearly barred by the statute of limitations. Accordingly, Mr. Hackner's federal constitutional claims are **dismissed with prejudice** for failure to state a claim upon which relief can be granted. His state claims are **dismissed without prejudice**. Final judgment consistent with this Order shall issue by separate entry.

**SO ORDERED.**

Date: 4/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DE'SHAY JARNAIZE HACKNER
200955
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838